[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff through counsel and the defendants pro se, appeared for trial in this matter on October 24, 1990. The case involved claims for both back rent as well as for damages to the first floor apartment, 6 Wolcott Street, Bristol, Connecticut.
The court finds, based upon the testimony and the evidence of the parties that the landlord tenant relationship existed for approximately four years and that the personal relationship between the parties was very cordial. Indeed both parties indicated that the plaintiff entered the premises frequently, while collecting the rent, to chat, have coffee, etc. This leads the court, however, to conclude that the plaintiff was constantly aware of the apartment's condition. The plaintiff was also called throughout the tenancy when various problems arose. Sometime near the end of the fourth year, the plaintiff called the defendants to indicate the lease would not be renewed and to vacate at the termination (i.e. by September 30, 1989). The defendants did vacate in the first week of September 1989 without paying any of September's rent. That rent was due and should have been paid according to the lease.
The court finds that the plaintiff's claims for damages seems inconsistent with his actions throughout the term of the several leases. By this, the court means that the plaintiff after seeing the condition of his property on a frequent basis continued to rent the premises and apparently never discussed any of the alleged damages. Certain estimates were introduced at trial, and one, exhibit B was supported by the testimony of Mr. Baroni. The others were not supported and probably would have been objected to if defendants had been represented. Riley v. Russ Byington Construction Co. Inc., 2 Conn. Cir. 382, 385 (1963). A landlord rents his property subject to the CT Page 4035 expectation of reasonable wear and tear. A tenant is not liable for routine cleaning, repainting and correcting minor damage. Fish v. Dudzikowski, HHD #166 (1980, SPADA, J.) ; Wosczyna v. Hartman, HNB #494 (1983, Aronson, J.), Corcoran v. DeNoboa, HNB #326 (1982, Maloney, J.). The landlord is allowed to recover for extraordinary damage.
The court received no evidence or heard competent testimony that the floors or carpets were professionally cleaned. Therefore, no damages will be allowed as to either of those two items. As to the remaining items, the court considers the damage to the storm door extraordinary and will allow $200.00. The court will further allow $125.00 for the cabinet door and drawer repairs. The court considers the damage to the wall, including the corners and to the lockset to be normal wear and tear.
The evidence indicated that the formica, with the exception of a burn spot, existed prior to the defendants' occupancy. The court does not believe that the defendants should pay any damages for this item. The court further believes that the repair of the towel rack falls under normal wear and tear. No evidence was introduced as to the cost to fill holes in the window trim. The court reiterates that the plaintiff should expect some wear and tear of his property as part of his rental business.
Summary of allowed damages:
September rent — $450.00
Storm door — 200.00
 Cabinets — 125.00 ------- $775.00
 Less Security Deposit — 425.00 ------- $350.00
Judgment to enter for plaintiff for $350.00 plus costs.
BERGER, J.